PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:17CR421-18 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| SHANTIA CRAWFORD, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF No. 260] |

Pending before the Court is Defendant Shantia Crawford's First Motion *in Limine*. ECF No. 260. The Government has responded. ECF No. 282. For the reasons that follow, the motion is denied.

Defendant moves for "an order prohibiting the Government from introducing or eliciting any testimony or the introduction of evidence concerning that mentions either directly or indirectly or by innuendo, the existence of and/or contents of [t]he Government's use of phone messages(text) and calls placed unilaterally by and from co-defendant Kevin Burton to the [D]efendant without any solicitation or request and or response by this [D]efendant," on grounds that such evidence is "irrelevant and prejudicial, without any probative value." ECF No. 260 at PageID#: 1194. In its Response in Opposition, the Government argues that, the phone messages (text) and calls between Defendant and her co-Defendant are relevant to the existence of a conspiracy between Defendant and her co-Defendant; Defendant's intent and motive to commit the charged crimes; Defendant's knowledge regarding certain crimes charged; and, that

(1:17CR421-18)

the evidence is probative to corroborate the expected testimony of certain government witnesses regarding the charged crimes.  ECF No. 282 at PageID#: 1262.

Rule 401 defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Rule 402 provides that all relevant evidence is admissible, except as otherwise provided by the United States Constitution, by Act of Congress, or by applicable rule.  Fed. R. Evid. 402.  Furthermore, Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

The Court concludes that the evidence of phone messages (texts) and calls placed unilaterally by and from co-Defendant Kevin Burton to Defendant are relevant.  The Government has shown that such evidence is relevant to prove the existence of a conspiracy between Defendant and co-Defendant Burton, as well as Defendant's involvement and intent to commit the charged crimes.  *See United States v. Bakke*, 942 F.2d 977, 983 (6th Cir. 1991) (intent is an element required to be prove in most criminal prosecutions, thus the government should be permitted to offer evidence that tends to prove intent during its direct case).  Furthermore, such evidence is relevant to corroborate the testimony of certain government witnesses concerning the charged crimes.  *See United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) ("[T]he relevance threshold is very low under Rule 401.  And . . . the government is permitted to build an

(1:17CR421-18)

incremental case."). The probative value of the contested evidence is not substantially outweighed by the danger of unfair prejudice.

Based on the foregoing, Defendant's motion ([ECF No. 260](ECF No. 260)) is denied.

IT IS SO ORDERED.

| | |
|---|---|
|  May 7, 2018 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |